IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEREK DEROSSI,[1] | § | |
| | § | No. 507, 2024 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | File No. CN22-05066 |
| KAREN DEROSSI, | § | Petition No. 22-22163 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: September 26, 2025
Decided: December 2, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

**ORDER**

After careful consideration of the parties' briefs and the record on appeal, the Court concludes that the judgment below should be affirmed on the basis of and for the reasons assigned by the Family Court in its Order on Ancillary Matters dated June 18, 2024, its Order on Attorneys' Fees dated October 1, 2024, and its Order Denying the Motion for a New Trial dated November 12, 2024. Because the appellant failed to provide a transcript of the ancillary hearing, we are unable to review his claims of error regarding how that hearing was conducted or the Family

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

Court's factual findings.[2]  The appellant argues that the Family Court should have granted his motion for a hearing transcript at State expense, but as the Family Court recognized a civil litigant does not have an absolute right to a copy of transcript at State expense.[3]  Even an appellant who is permitted to proceed *in forma pauperis*, such as the appellant, is required to make his own financial arrangements to obtain the necessary transcripts.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is affirmed.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[2] Supr. Ct. R. 14(e) (requiring that the appellant's appendix "contain such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred and must include a transcript of all evidence relevant to the challenged finding or conclusion"); *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987) (holding that the burden is on the appellant to produce parts of the trial transcript that are necessary to give the Court the ability to review his claims).

[3] *See, e.g., Scott v. Kraft*, 124 A.3d 584, 2015 WL 5451697, at *2 (Del. Sept. 15, 2015) (TABLE) (rejecting the incarcerated appellant's argument that the Family Court should have granted his request for transcripts at State expense of hearings on his petition for visitation).

[4] *See, e.g., Hunter v. Gamble*, 199 A.3d 108, 2018 WL 6505988, at *2 (Del. Dec. 10, 2018) (TABLE) (emphasizing obligation of incarcerated appellant granted *in forma pauperis* status to make financial arrangements for transcript of visitation hearing).